NO. 07-11-0134-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 25, 2011

_____

TRISHA BRAZIEL, SPENCER BRAZIEL AND KATHY WRIGHT,

Appellants

v.

BECTON INSURANCE AGENCY, INC.,

Appellee

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-549,970; HONORABLE LESLIE HATCH, PRESIDING

_____

***Memorandum Opinion***

_____

Before  Quinn, C.J., and HANCOCK  and PIRTLE, JJ.

Kathy Wright (Wright), her daughter Trisha Braziel, and her son-in-law Spencer Braziel (the Braziels) appeal from a summary judgment denying them recovery against Becton Insurance Agency, Inc. (Becton).  Wright and the Braziels sued to recover damages allegedly suffered when a fire burned a home owned by the former and leased to the latter.  Wright had purchased insurance on the abode from Travelers Lloyds of Texas Insurance Company (Travelers) through Becton (*i.e.* Travelers' agent) and

alleged that Becton had been instructed to name the Braziels as additional insureds. Becton apparently failed to abide by the directive, though the trial court nonetheless found that the occupant's contents (that is, those of the Braziels) were covered by the policy. Eventually, Travelers, Wright, and the Braziels settled their dispute and executed an agreement releasing Travelers. It paid Wright $94,319.15 to satisfy her claim under the policy and an additional $25,000 to Wright and the Braziels in exchange for the release.[1] All three claimants now assert that the trial court erred in granting summary judgment in favor of Becton. We affirm.

Becton filed both a traditional and no-evidence motion for summary judgment. The trial court granted only the former and did not specify the particular ground upon which it acted. Given this circumstance, we may affirm the decision on any meritorious ground. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872-73 (Tex. 2000). And, one of the grounds asserted below was waiver. That is, Becton asserted that it was not liable to any of its adversaries because they settled with and released their claims against Travelers. The very same contention, among others, is asserted on appeal.

No one disputes that a settlement was had with Travelers and that a release was executed as part of that agreement. Per that document, Wright and each Braziel bound themselves to "RELEASE, ACQUIT, and FOREVER DISCHARGE Travelers from any and all Event Claims including those asserted and those that could have been asserted, whether accrued or unaccrued, whether known or unknown, whether now existing or

---

[1]The Braziels also recovered approximately $25,000 from State Farm Insurance under their renter's policy. This, allegedly, did not result in a total redress of their loss because it purportedly totaled $37,000. How they and Wright were to divide the additional $25,000 paid by Travelers went unmentioned. So, it may or may not be that the Braziels ultimately received monies equal to or greater than their supposed $37,000 loss.

that may arise hereafter."  Furthermore, the settlement contract they signed defined not only the term "Travelers" but also "Event" and "Claims."  Within the scope of "Travelers," the parties agreed to include not only the insurance company itself but also ". . . all of its past, present, and future underwriters, officers, directors, stockholders, **agents**, attorneys, insurers, servants . . . . " and others.  (Emphasis added).  In turn, "Event" was interpreted to mean "the fire loss occurring on or about December 8, 2007," while "Claims" was defined as "any and all past, present and/or future claims, demands, obligations, requests, suits, actions, rights of action, liabilities, losses, damages . . . settlements and causes of action . . . ."

Also found in the summary judgment record is a copy of an agreement between Becton and Travelers.  Through it, Travelers designated Becton as its "agent," and in accordance with that designation, Becton's name appeared under the moniker "Agent's Name and Address" in the insurance policy issued by Travelers to Wright.  To this, we add the observation that no one disputes that Wright and the Braziels seek damages from Becton and that the damages pertain to the loss caused by the fire occurring on or about December 8, 2007.

Upon considering the aforementioned undisputed evidence and the specific terminology of the settlement agreement, we conclude, as a matter of law, that Wright and the Braziels released Becton when they released Travelers from all claims, demands, causes of action and the like relating to the loss for which they sued.  We neither found nor were cited to any evidence raising a question of fact regarding the presence of an agency relationship between Travelers and Becton at all pertinent times.

3

Thus, the trial court did not err in granting the summary judgment and denying Wright and the Braziels recovery against Becton.

In sum, we affirm the order granting summary judgment and directing that Wright and the Braziels "take nothing as to Defendant Becton Insurance Agency, Inc."


Brian Quinn
Chief Justice

4